The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: August 6 2013

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-32544 |
| | ) | |
| Howard McGuire and | ) | Chapter 11 |
| Rose-Marie McGuire, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

## MEMORANDUM OF DECISION REGARDING MOTION TO AVOID LIEN

This case is before the court on Debtors' unopposed Motion to Avoid the Judgment Liens of FirstMerit Bank, N.A. ("Motion") [Doc. # 243]. Debtors seek to avoid two judicial liens obtained by FirstMerit Bank, N.A. ("FirstMerit") against Debtors' interest in their residential real estate. The court held a hearing on Debtors' Motion on March 7, 2013. Debtors' attorney attended the hearing by telephone. There was no appearance by or on behalf of FirstMerit. The March 7 hearing was continued for further hearing on April 4, 2013, which did not go forward since the court was informed that an agreed entry would be submitted. The Motion is now before the court after Debtors' Status Report stating that an agreement has not been reached and requesting that the court rule on their Motion. [Doc. # 255]. For the reasons that follow, Debtors' Motion will be denied.

## BACKGROUND

In 2009, FirstMerit obtained two judicial liens on Debtors' residential real estate located at 13973 Gore Orphanage Road, Wakeman, Ohio, in the amounts of $590,443.18 and $768,194.89 plus interest. On April 14, 2010, Debtors filed for relief under Chapter 11 of the Bankruptcy Code. They did not claim an

exemption in the residential real property on Schedule C. [Doc. # 1, p. 21/69]. The property is listed on Schedule C with the value of the exemption stated as zero. [*Id.*]. FirstMerit filed a proof of claim on June 30, 2010, asserting an unsecured claim with respect to the judgment debts owed. [Proof of Claim No. 19].[1] On April 9, 2012, the court entered an order confirming Debtors' Chapter 11 Plan. [Doc. # 223].

Debtors' Plan does not specifically address FirstMerit's claim but does specifically address treatment of Debtors' residential real estate. Debtors' Plan provides for four classes of claims - "Administrative Claims and Fees," "Tax Claims," "Secured Claims," and "Unsecured Claims." Class 3, "Secured Claims," and lists the specific creditors with claims included in that class. [Doc. # 204, Ex. 1, ¶ 3.03]. FirstMerit is not included in that list. Under treatment of secured claims, the Plan provides that "Debtors intend to abandon the real property located at 13973 Gore Orphanage Road, Wakeman, OH 44889. This property is subject to the claims of Bank of America N.A. and the Bank of New York Mellon. Any deficiency resulting from the future sale of the property shall be treated as unsecured." [*Id.* at ¶ 4.03].

The instant motion to avoid liens was filed on October 4, 2012, and was served by regular U.S. mail on attorneys for FirstMerit, Jennie L. Church and Elia O. Woyt, at the addresses set forth in the notices of appearance filed by them on behalf of FirstMerit. *See* Fed. R. Bankr. P. 7004(h)(1).

## LAW AND ANALYSIS

The legal basis for Debtors' Motion is 11 U.S.C. § 522(f), which establishes grounds for avoiding judicial liens that impair an exemption to which a debtor is entitled. According to Debtors, FirstMerit's liens impair an exemption in their home in the amount of $20,000. For the following reasons, however, the court finds that Debtors have failed to demonstrate this court's jurisdiction to grant the relief sought under § 522(f), and that even if jurisdictions exists, § 522(f) is inapplicable as presented in this case.[2]

---

[1] The court takes judicial notice of the contents of its case docket and the claims register in this case. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

[2] The Motion is a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 4003(d). As such, Rule 7055 of the Federal Rules of Bankruptcy Procedure governing Default applies to the Motion. In turn Rule 7055 incorporates Rule 55 of the Federal Rules of Civil Procedure. FirstMerit's failure to file any opposition to the Motion does not, standing alone, entitle Debtors to a default order under Rule 7055 granting the Motion as a matter of right. *See American Express Centurion Bank v. Truong (In re Truong),* 271 B.R. 738, 742 (Bankr. D. Conn. 2002); *Webster v. Key Bank (In re Webster)*, 287 B.R. 703, 709 (Bankr. N.D. Ohio 2002); *Columbiana County Sch. Employees Credit Union, Inc. v. Cook (In re Cook)*, 2006 Bankr. LEXIS 446 at *9-10 (B.A.P. 6th Cir. Apr. 3, 2006). In determining whether relief by default is appropriate, "the court should [accept] as true all of the factual allegations of the [Motion]..." and afford the party seeking relief "all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Yet the court must still decide whether the unchallenged facts constitute a proper basis for the relief requested, since a party in default does

2

10-32544-maw    Doc 256    FILED 08/06/13    ENTERED 08/06/13 11:04:57    Page 2 of 4

As a threshold matter, at the hearing on Debtors' Motion, the court raised the issue of whether it has jurisdiction to grant the post-confirmation relief requested. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) (stating that federal courts have an independent obligation to examine their own jurisdiction). Bankruptcy courts are courts of limited jurisdiction and have only the authority conferred on them by federal statutes. *Chao v. Hospital Staffing Services, Inc.*, 270 F.3d 374, 383 (6th Cir. 2001). Where a court lacks subject matter jurisdiction over a dispute, neither the court nor the parties by agreement can create it by simply providing for it in a plan of reorganization. *Thickstun Bros. Equip. Co. v. Encompass Servs. Corp. (In re Thickstun Bros. Equip. Co.)*, 344 B.R. 515, 521 (B.A.P. 6th Cir. 2006). The sole source of a bankruptcy court's jurisdiction is 28 U.S.C. § 1334. *See Chao*, 270 F.3d at 383.

In the post-confirmation context where the estate does not continue in existence, in determining whether a matter is at least 'related to' the bankruptcy, "the essential inquiry appears to be whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold bankruptcy court jurisdiction over the matter." *Thickstun Bros. Equip. Co. v. Encompass Servs. Corp. (In re Thickstun Bros. Equip. Co.)*, 344 B.R. 515, 521 (B.A.P. 6th Cir. 2006) (quoting *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 166-67 (3rd Cir. 2004)). "'[M]atters that affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'" *Id.* (quoting *In re Resorts Int'l, Inc.*, 372 F.3d at 167). Debtors have not shown that their Motion has the required "close nexus" to their Chapter 11 plan or even addressed this jurisdictional issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998) ("the party invoking federal jurisdiction bears the burden of establishing its existence").

Moreover, even if jurisdiction exists, Debtors have failed to show that the provisions of their confirmed plan permit the relief requested. *See* 11 U.S.C. § 1141(a) (providing that the provisions of a confirmed plan bind the debtor as well as creditors). Debtors' plan provides that Debtors will abandon their residential real estate and that any deficiency resulting from the future sale of the property be treated as unsecured. Avoiding judicial liens in the property that impair an exemption to which Debtors are allegedly entitled seeks treatment of the property and the assertion of an interest in the property contrary to the provisions of their confirmed plan in which they "abandoned" their interest in the real property at issue. *See Knupfer v. Wolfberg (In re Wolfberg)*, 255 B.R. 879, 884 (B.A.P. 9th Cir. 2000) (finding that the binding

---

not admit conclusions of law. *Smith v. Household Fin. Realty Corp. of New York (In re Smith)*, 262 B.R. 594, 597 (Bankr. E.D.N.Y. 2001).

3

effect of a Chapter 11 plan precludes a debtor from asserting an interest in property other than that provided in the plan and thus bars a post-confirmation claim of exemption in such property).[3]

And finally, § 522(f) applies only where a lien impairs an exemption to which a debtor would have been entitled "but for the lien at issue." *Owen v. Owen*, 500 U.S. 305, 311 (1991). Entitlement to an exemption in property is not automatic. A debtor is required to "file a list of property that the debtor claims as exempt under [§ 522(b)]. 11 U.S.C. § 522(l). Then, "[u]nless a party in interest objects, the property claimed as exempt *on such list* is exempt." 11 U.S.C. § 522(l) (emphasis added). Rule 4003 of the Federal Rules of Bankruptcy Procedure direct the debtor to list exempt property on the schedule of assets required to be filed by Federal Rule of Bankruptcy Procedure 1007, which in turn requires the debtor to file a schedule of assets as prescribed by the appropriate Official Forms. *See* Fed. R. Bankr. P. 4003(a) and 1007(b)(1). Official Form 6 includes a Schedule C on which the debtor must claim property as exempt. *See Schwab v. Reilly*, 130 S. Ct. 2652, 2660 (2010) (recognizing that "the list of property" to which § 522(l) refers is "currently known as 'Schedule C'"); *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 905 (6th Cir. 2012) (finding the debtor's claim was not exempt property since "[s]he did not list the claim among the exemptions in her petition"); *Olson v. Anderson (In re Anderson)*, 377 B.R. 865, 874 (B.A.P. 6th Cir. 2007) ("proposed exemptions must be listed on the debtor's Schedule C"); *In re Zaidi*, 293 B.R. 861, 862-63 (Bankr. E.D. Va. 2002) ("In order to claim an exemption in bankruptcy, the exemption must be scheduled on Schedule C of the debtor's schedules.").

In this case, Debtors specifically listed the value of any exemption in their residential real estate as zero on their Schedule C. Until an exemption is properly claimed, Debtors have no basis for asserting an entitlement to the exemption. This requirement is more than a mere formality. It provides notice to all interested parties, including creditors, as to property interests in which the debtor is claiming an exemption. Rule 4003 specifies the time within which interested parties must object to the exemptions claimed on Schedule C. *Reilly*, 103 S. Ct. at 2661 n.6. Relief under § 522(f) is thus unavailable as Debtors have not shown that they are entitled to a homestead exemption in their residential real estate even if they retained an interest in the real property that was abandoned by them under the terms of their confirmed plan.

A separate order in accordance with this Memorandum of Decision will be entered.

---

[3] The court declines to address the application of § 1141(c), 11 U.S.C. § 1141(c), to Debtors' confirmed plan and the judgment liens in issue. The Motion is based only on § 522(f) and asks the court to enter an order granting Debtors the affirmative relief of avoiding the FirstMerit judgment liens thereunder independent of whatever the effect their confirmed plan has.